SAMUEL H. TERRY, Appellant, *v.* LEOPOLD ROTHSCHILD, Respondent.

*Action against a stockholder — what the plaintiff must show as to the return of an execution.*

Two judgments were recovered by an individual against a corporation by default, and subsequently, after execution had been issued and returned unsatisfied upon such judgments, he commenced an action against a stockholder of the corporation to recover the amount thereof. Thereafter, and before the trial of the action against the stockholder, the two judgments recovered by default were opened; trials were had upon the merits, which resulted in a recovery by the plaintiff in each action, in an amount, however, less than the amounts awarded to him by the judgments recovered by default. The plaintiff did not have the first two judgments modified so as to correspond with the recoveries, but instead he entered two new judgments upon which executions had not been issued at the time of the trial of the action brought by him against the stockholder, nor was it shown upon the trial thereof that such judgments had not been paid.

*Held,* that the action brought against the stockholder was not maintainable, as instead of having the two judgments by default modified so as to correspond with the recoveries after the trial upon the merits, the plaintiff elected to enter two new judgments, which became the measure of the liability of the corporation to him;

That the plaintiff, in order to be entitled to a recovery, against the stockholder, must show the issuance and return unsatisfied of executions upon the judgments which were the foundation of the suit, and the issuance and return unsatisfied of the executions on the prior judgments was not sufficient.

APPEAL by the plaintiff, Samuel H. Terry, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 20th day of December, 1892, upon the dismissal of the complaint directed by the court after a trial before the court and a jury at the New York Circuit.

In May, 1887, the "I. Herman Manufacturing Company" was incorporated under chapter 40, Laws of 1848 — the Manufacturing Act — and the acts amendatory thereof, with a share capital of $10,000, divided into 10,000 shares of one dollar each. The corporation was organized "to manufacture Jersey and hand-knit worsted goods, and anything connected therewith," and was to exist during fifty years. The number of its trustees was fixed at three. Salomon Herman, Leopold Rothschild and Isidor Herman were appointed

trustees for the first year. The principal office or place of business of the corporation was located in the city and county of New York. Rothschild remained a trustee and the president of the corporation until 1890.

January 14, 1889, the plaintiff recovered a judgment by default against the corporation in the City Court of New York for $1,829.52 damages, and $18.55 costs, total, $1,848.07, for six items of indebtedness which the corporation incurred to the plaintiff between November 8, 1888, and December 20, 1888. On the same day (January 14, 1889) the plaintiff recovered a second judgment by default against the corporation in the City Court of New York, for $1,926.32 damages and $18.75 costs, total, $1,945.07, for four items of indebtedness which the corporation incurred to the plaintiff between November 23, 1888, and December 11, 1888. On the 14th of January, 1889, executions were issued on the judgments to the sheriff of the city and county of New York, who returned them March 8, 1889, wholly unsatisfied. On March 9, 1889, this action was begun to charge the defendant as a stockholder, pursuant to section 10 of said act, for the amounts of those judgments. May 10, 1889, the defendant answered herein. September 10, 1889, upon the motion of the defendant, the judgments were vacated, and the corporation was permitted to defend the actions, but, on appeal to the General Term of the City Court, the order was, November 6, 1889, modified so as to permit the corporation to defend the actions, and the judgments to stand as security. The actions were subsequently tried on their merits, the plaintiff recovering in the one represented by the judgment first mentioned, $930.35 damages and $262.46 costs, total, $1,192.81, and in the action represented by the second judgment, $1,610.06 damages and $292.39 costs, total, $1,902.45. Judgments on these recoveries were entered December 13, 1889. No executions have been issued on the judgments last rendered, which represent the claims of the plaintiff against the corporation and its stockholders.

The number of shares of stock owned by the defendant was not shown, but it was shown that he had paid $3,000 into the corporation for shares, and that only $4,000 of the capital fixed at $10,000 had been paid in by the shareholders. It was also shown that no certificate of the payment of the capital stock had been

made and recorded, as required by the eleventh section of the act, and that at some time a receiver had been appointed for the corporation, but for what cause, when he was appointed, or whether the corporation was in the hands of a receiver at the time of the trial was not shown.

*John R. Abney*, for the appellant.

*Mark M. Schlesinger*, for the respondent.

PER CURIAM:

The judgments recovered January 14, 1889, which this action was brought to enforce against the defendant as a stockholder, were not in existence at the time of the trial of this action (December 13, 1892), but they had been superseded by the two judgments entered December 13, 1889, after a trial of the actions on the merits. By the trial on the merits the damages recovered by the first judgment of January 14, 1889, were diminished by $899.17, and the damages recovered by the second judgment of January 14, 1889, were diminished by twenty-three dollars and eighty-seven cents. The plaintiff did not have the first two judgments modified so as to correspond with the recoveries, as he might have done, but instead he elected to enter new judgments, which became the measure of the liability of the corporation to him. The corporation's liability, by the judgments of December 13, 1889, arose several months after this action was begun, and no executions have been issued on them, nor was it shown that they had not been paid.

Section 24 of the act provides that a stockholder shall not be held personally liable for the debt of the corporation until a judgment has been recovered thereon and an execution shall have been returned unsatisfied in whole or in part. The issuance and return unsatisfied of an execution on some other judgment does not satisfy the statute; it must be on the judgment which is the foundation of the plaintiff's suit.

The judgment should be affirmed, with costs.

Present — VAN BRUNT, P. J., FOLLETT and PARKER, JJ.

Judgment affirmed, with costs.